EASTERN DIST.
*April*, 1832.

GUERIN
*vs.*
HIS CREDITORS.

## GUERIN *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

In contests between creditors of an insolvent estate, where the genuineness and legality of claims are controverted, the claimant is bound to establish his credit by strict proof.

Opposition was made by some of the creditors to the claims of Blache & Reynes, as placed on the tableau of distribution. From the evidence, the court *a qua* was of opinion, and so decreed, that both claims should be reduced.   From this judgment the present appeal was taken.

EASTERN DIST.
*April*, 1832.

GUERIN
*vs.*
HIS CREDITORS.

*Mazureau*, for appellants.    *Morphy*, for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, Blache & Reynes, being placed on the tableau of distribution of the insolvent's estate, the former for the sum of nineteen thousand six hundred and fifty-six dollars, and the latter for one thousand nine hundred and seventy-five, their claims, thus placed, were respectively opposed by some of the other creditors, who required strict and legal proof thereof.

The court below, not being satisfied with the evidence offered in support of the sums claimed by these creditors, reduced them considerably, by taking from the claim of Blache thirteen thousand nine hundred and six dollars and forty cents, and from that of Reynes one thousand four hundred dollars.

The evidence in support of the sum claimed by Blache, in addition to that for which he was placed on the *bilan* of the insolvent, is vague and unsatisfactory; at most, only rendering it probable that Guerin, who was his collector of the city taxes, (he being treasurer,) did defraud him to that amount.   In contests between creditors of an insolvent's estate, where the genuineness and legality of claims are controverted, the claimant is bound to establish his credit by strict proof, at least as convincing as that which would be required on the part of a plaintiff in an ordinary suit.   Now, without entering into particular details of the evidence in the present case, (which we have carefully examined,) suffice it to say, that, in our opinion, it is so deficient in certainty as not to authorise a judgment in favor of the claimant to the full extent of his claim.   This opinion relates to that part of the evidence drawn from the abstraction of the receipts signed by

In contests between creditors of an insolvent estate, where the genuineness and legality of claims are controverted, the claimant is bound to establish his credit by strict proof.

EASTERN DIST.
April, 1832.

the city treasurer, and not accounted for by his collector, and wherever the apparent defalcation is not in any manner confessed by the latter. But we find his confession to the amount of one thousand dollars, money taken by him out of taxes collected on real property and slaves. See *the testimony of Lafferranderie, page* 21 *of the record.*

This fact, supported as it is by other circumstances, appearing in proof, ought to suffice to establish the claim of the appellant, Blache, to this additional amount, to be added to that allowed by the Parish Court. See *Febrero, part* 2, *book* 3, *chap.* 3, § 1, *nos.* 33–4.

As to the claim of Reynes, the other appellant, the evidence establishes it to the full extent, as placed on the tableau. See *the record, pages* 23–4. In truth, this was candidly admitted by the counsel of the opposing creditors in his argument.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, in relation to both these appellants, be avoided, reversed and annulled: And it is further ordered, adjudged and decreed, that the appellant, Blache, be placed on the tableau of distribution, as creditor for the sum of six thousand four hundred dollars; and that the appellant, Reynes, be placed thereon as a creditor for the sum of one thousand nine hundred and seventy-five dollars. The cause to be remanded for final judgment and distribution of the insolvent's estate, according to law. The opposing creditors to pay the costs of this appeal.